UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
    DANIEL OBREGON

                            Plaintiff,

                  -against-

NEW YORK CITY TRAFFIC AGENT KAWSAR
CHOUDHURY, shield no. unknown; POLICE
OFFICER LARRY SIMPSON, shield 16699; "JOHN
DOES" 1-9 (*the names John Doe being fictitious,
the real names being currently unknown*)

                          Defendants.
------------------------------------------------------------------ X

**FIRST AMENDED COMPLAINT**

17-CV-4436(SHS)

**JURY TRIAL DEMANDED**

Plaintiff DANIEL OBREGON, by and through his attorneys, **THE LAW OFFICES OF KENNETH F. SMITH, PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

### PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its First, Fourth, Fifth, Sixth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.

2. The claims arise from a June 14, 2014 incident in which a traffic agent and police officers from the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, failure to intervene, malicious abuse of process and malicious prosecution.

1

3.      The plaintiff seeks monetary damages (special, compensatory and punitive) against defendants, as well as an award of attorney's fees and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, 1343 and 1367(a).

5.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

6.      Venue herein is proper for the United States District Court for the Southern District of New York under 28 U.S.C. §1391 (a), (b) and (c), in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## JURY DEMAND

7.      Plaintiff demands a trial by jury in this action.

## PARTIES

8.      Plaintiff DANIEL OBREGON is a sixty-two-year-old male who at all times hereinafter mentioned was and is a resident of the State of New York.

9.      Defendants KAWSAR CHOWDHURY, Police Officer LARRY SIMPSON, and "*JOHN DOES" nos. 1-9* are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the City of New York ("CITY"), specifically, the New York City Police Department ("NYPD").

10.     Defendants Chowdhury, Simpson and "*Does*" are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions

as officers, agents, servants, and employees of the CITY, were acting for, and on behalf of, and with the power and authority vested in them by the CITY and the NYPD, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

11.   The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

12.   On June 14, 2014, approximately 9:45AM, plaintiff, a professional mover, legally parked his vehicle (a commercial moving van) in the vicinity of Hanover Square, New York City in a muni-meter parking spot.

13.   Plaintiff exited the van and entered a building (the site of a moving job) while plaintiff's adult son ("D.O.")—a passenger in the van at the above time and place—gathered change to insert in the muni-meter.

14.    Before D.O. was able to deposit the change into the meter, defendant Kawsar Chowdhury, a traffic enforcement agent, placed a parking citation and summons upon plaintiff's van.

15.   Plaintiff exited the building and, after examining the summons and speaking to D.O., approached defendant Chowdhury to discuss why it had been issued before a reasonable opportunity to fund the muni-meter had elapsed.

16.   Defendant Chowdhury acknowledged issuing the parking summons but stated there was nothing to be done about it and abruptly turned to walk rapidly away.

17.   As defendant Chowdhury turned, he walked directly into "J.R.", an individual who plaintiff had just met at the location in connection with the moving job they were there to perform.

3

18. Defendant Chowdhury then stated to plaintiff and J.R. that he, Chowdhury was going to have plaintiff and J.R. arrested.

19. After Defendant Chowdhury placed a call on his radio, approximately ten police officers (defendant Police Officer Larry Simpson and Police Officers "*John Does*" 1-9) arrived in numerous police cars.

20. Defendant police officers then arrested plaintiff and J.R.

21. Plaintiff spent approximately thirty-six hours in custody before being arraigned in New York County Criminal Court, under docket number 2014NY046758.

22. Plaintiff was charged, upon information and belief, in a Criminal Court Complaint, with the Crime of Coercion in the 2nd Degree, a Class "A" misdemeanor, and two counts of Harassment in the 2nd Degree, a Violation, under N.Y.P.L. §§ 135.60(1), 240.26(1) and 240.26(2).

23. Plaintiff entered a plea of not-guilty and was released on his own recognizance.

24. Plaintiff subsequently appeared in Criminal Court for appearances on approximately seven different dates, maintaining his innocence regarding charges pending against him until the New York County District Attorney dismissed all the charges against him.

25. Plaintiff also appeared in New York City Traffic Court to contest the issuance of the summons by defendant Chowdhury and, after presenting evidence on his own behalf to a Judicial Hearing Officer, said Officer dismissed the summons that defendant Chowdhury had issued and which had been the actual and proximate cause of the arrest of plaintiff.

**GENERAL ALLEGATIONS**

26. Plaintiff parked his vehicle legally on the date, time and place in question, and did not violate any parking restrictions.

27. Plaintiff did not assault, menace, strike, kick, push, shove, coerce, or have any physical contact with, in any way, nor did he attempt to assault, menace, strike, kick, push, shove, coerce, or attempt to have physical contact, in any way, with defendant Chowdhury or any of the other Defendant officers or any other persons as alleged by defendant(s).

28. Plaintiff did not resist arrest or obstruct in any lawful official act or police or governmental function.

29. At all times during the events described, the defendant traffic agent and police officers were engaged in a joint venture.  The individual defendants assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.  They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

30. During all of the events described, the defendant traffic agent and police officers acted maliciously and with intent to injure plaintiff.

31. Defendant Chowdhury issued a summons to plaintiff without reasonable cause to believe that an actual parking violation had been committed.

32. Defendant Chowdhury falsely accused plaintiff of having committed various crimes to defendant police officer Larry Simpson and other responding officers from the N.Y.P.D. (the "*John Doe*" defendants).

33. Defendant police officer Simpson and police officers "*John Does*" 1-9 conducted at least some investigation and as a result, knew or should have known that there existed no probable cause to arrest plaintiff for anything.

34. However, defendant police officers Simpson and "*John Does*" 1-9 nonetheless arrested plaintiff and deprived him of his liberty, placing him in the police precinct and later, Central Booking, for some thirty-six hours.

35. The defendant police officers did this to demonstrate solidarity of uniformed members of service against a civilian and to "punish" plaintiff for daring to question the actions of co-defendant Chowdhury.

36. The individual defendant traffic agent and police officers acted under pretense and color of state law in their individual and official capacities and within the scope of their employment. Said acts by said defendant police officers were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendant officers acted maliciously, willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

37. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a) Violation of Plaintiff's rights, pursuant to the First Amendment to the United States Constitution to enjoy Freedom of Speech;

    b) Violation of Plaintiff's rights, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, to be free from unlawful arrest;

    c) Violation of Plaintiff's rights, pursuant to the Fifth Amendment to the United States Constitution, to be;

    d) Violation of Plaintiff's rights, pursuant to the Sixth Amendment to the United States Constitution, to a Counsel and a Fair Trial;

    e) Violation of Plaintiff's rights, pursuant to the Fifth and the Fourteenth Amendments to the United States Constitution, to Due Process of Law.

    f) Fear, embarrassment, annoyance, humiliation, distress, frustration, extreme inconvenience and anxiety;

    g) Loss of Time

    h) Loss of Liberty.

## FIRST CLAIM
### (FALSE ARREST UNDER FEDERAL LAW)

38. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

39. On the above incident date, defendants Larry Simpson and "*John Does*" 1-9 falsely arrested plaintiff without an arrest warrant, probable cause, or any reasonable suspicion that plaintiff had committed or was in the process of committing a crime.

40. Defendant Chowdhury's false and baseless accusations against plaintiff caused him to be falsely arrested by defendant police officers, and Chowdhury is therefore liable as well.

41. Accordingly, defendants Chowdhury, Simpson and Police Officers "*John Does*" 1-9 are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth and Fourteenth Amendments to the United States Constitution.

42. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SECOND CLAIM
### (MALICIOUS PROSECUTION UNDER FEDERAL LAW)

43. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

44. Defendant Chowdhury and defendants Larry Simpson and "*John Does*" 1-9, with malice, initiated, commenced and continued a prosecution against plaintiff.

45. Defendant Chowdhury, Simpson and the other defendant police officers caused plaintiff to be prosecuted notwithstanding the fact that there was no probable cause to detain, arrest or charge plaintiff with any violations of the law.

46. The charges against plaintiff were dismissed in their entirety, but only after multiple court appearances stretching over a period of approximately ten months after the arrest of plaintiff.

47. By their conduct, as described herein, and acting under color of state law, defendants Chowdhury, Simpson and the other defendant police officers are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional rights to be free from malicious prosecution under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

48. As a direct and proximate result of the abuse of authority detailed above, plaintiff sustained the damages stated.

## THIRD CLAIM
### (FAILURE TO INTERVENE UNDER FEDERAL LAW)

49. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

8

50. On the above described incident date, some of the defendant police officer "*John Does*" did not have direct contact with plaintiff but had a reasonable opportunity to observe and to prevent the violations of plaintiff's constitutional rights by their fellow officers, but nonetheless, failed to intervene.

51. Accordingly, those defendant "*John Does*" are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's Constitutional rights under the First, Fourth, Fifth Sixth, and Fourteenth Amendments to the United States Constitution.

52. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## **FOURTH CLAIM**
## **(MALICIOUS ABUSE OF PROCESS UNDER FEDERAL LAW)**

53. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

54. By their conduct, as described herein, defendants Chowdhury, Simpson and defendant police officers "*John Does*" 1-9 are liable to plaintiff for Malicious Abuse of Process for causing plaintiff to be arrested and prosecuted.

55. Defendant Chowdhury, Simpson and defendant police officers "*John Does*" 1-9, with malice, and, acting under color of law, caused plaintiff to be arrested and prosecuted under the legal processes and procedures of the New York Criminal Procedure Law and New York Penal Law.

56. Defendants Chowdhury, Simpson and defendant police officers "*John Does*" 1-9 used the legal processes of arrest and prosecution to obtain the collateral objective of bolstering and putting a veneer of credibility on the contested summons Chowdhury had issued to plaintiff shortly beforehand.

57.     As a result, plaintiff's rights under the First, Fourth, Sixth, and Fourteenth Amendments were violated.

58.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands a jury trial and the following relief, jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; and,

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

Dated: Brooklyn, New York
       July 20, 2017

                            Respectfully submitted,

                            /S/ Kenneth F. Smith
                            *Counsel for Plaintiff*
                            The Law Offices of
                            Kenneth F. Smith, PLLC
                            16 Court Street, Suite 2901
                            Brooklyn, NY 11241
                            (646) 450-9929
                            (646) 514-4524 (FAX)